GLADNEY, Judge.
The petition of plaintiff sets forth several causes of action, but after appropriate election his judicial demands now concern only the recovery of certain realty and the improvements thereon which he alleges to be worth $5,000. His declared cause of action seeks to annul a judicial sale of the realty and its improvements, the ownership of which he claims.
The case reaches this court on appeal from a judgment in favor of respondents sustaining a plea of prescription based upon Article 3543 of the LSA-Civil Code, the case not having reached a trial on its merits.
Since this case has not been considered on its merits there is no affirmative showing of the value of the property which plaintiff seeks to recover in this suit. This court, therefore, is unable to determine whether it has or does not have jurisdiction ratione materiae.
Our Supreme Court has repeatedly declared its jurisdiction is dependent upon an affirmative showing of value as contained in the record of each case. We recognize that the same requirement is equally applicable in determining the jurisdiction of this court. Beene v. Pardue, 1953, La.App., 67 So.2d 337.
Under the circumstances, and in the interest of an orderly disposition of the appeal in this case, we think it proper to remand the cause to the District Court for the reception of competent evidence as to the value of the property which is the subject matter of the litigation.
Accordingly, it is ordered, adjudged and decreed that this suit be, and it is'hereby, remanded to the Honorable the First Judicial District Court in and for the Parish' of Caddo, State of Louisiana, for the pur- *529 case. pose of receiving competent evidence as to the value of the property in dispute as of the time of trial. It is further ordered that Ck <D ¿3 <-H‘ O tí .2 tí o .2 +-1 t-c 4-J tí o o g S & s* 2 & rg 4-» 13 tí O 3 ^ O ^ Ck J 13 13 Pi £j Oh tS rt o’ O rt- i-i Ü* fl> P _ tí tí S